I would like to reserve one minute for rebuttal. I'm here representing Nancy Morales. She is a transsexual from Mexico who had applied for asylum, withholding of removal and convention against torture relief based on long time abuse in Mexico in terms of rapes, arrests, beatings because of her gender. In this particular case, when it was heard on the merits before the immigration judge, the judge indicated that but for a conviction that she had for communicating with a minor for immoral purposes, that he would have granted the requested relief. Ms. Morales had been charged in King County Superior Court with two felonies, rape of a child and child molestation. In those two charges, the alleged victim had to be under 16 years of age and she had also been charged with a misdemeanor which was communicating with a minor for immoral purposes. After a jury trial on all the charges together, she was acquitted of the child molestation charge, there was a hung jury as to the child rape charge and she was convicted only of the misdemeanor. In this particular case, it's our position that the court in terms of looking at the appropriate record of conviction, this is particularly important in this case because there are much more serious charges that were made against Ms. Morales in this particular case. Those were outlined by the Washington Court of Appeal in ruling on the claim that the evidence was insufficient to support the crime of which she was convicted. Is that correct? That's correct, Your Honor. The court, in affirming the misdemeanor conviction, as they often do, the court will set forth the facts which they found had been presented in the testimony and that the … And then there was that thing about, well, because those are assumed to be correct, if you will, in a sufficiency of the evidence challenge, that that meant that those facts actually existed in this proceeding having been assumed in another proceeding. I'm not making that too clear, but that bothered me as well when I read about that. Your Honor, I think we're talking about apples and oranges. Yeah. The government has made a novel argument, and I note that they didn't cite any cases which support that argument that by challenging the sufficiency of the evidence, we are therefore admitting those facts within the context of the removal proceedings against Ms. Morales. Well, I suppose the Court of Appeal in Washington should have assumed as true the facts only with regard to the solicitation, because that was the only thing that was being challenged. That's correct. Is that right? That's correct. But the facts outlined the whole thing. Right. Even conduct for which she was found not guilty. Yes. Or hung on. Yeah. Okay. Yeah. And then they used that to say, see, this makes this offense, the solicitation, a particularly serious offense because it occurred in this context. Right. And we're saying that the immigration judge, when he, on the record, cited some of the facts in the Court of Appeal's decision to find that this was a particularly serious offense, went outside what is a permissible record of conviction, as outlined in Parrilla and other cases before that. Were these findings of fact by either the district court or by the Court of Appeals in Washington, or simply a recitation of facts? No, it was a recitation of the facts which were not specific findings by the court. That's correct, Your Honor. All right. Their only ruling really was that they found, based on the review of the record, that there was sufficient evidence to sustain the conviction for the misdemeanor conviction for communicating with a minor. And what is wrong with that, to consider those facts? Well, Your Honor, I can't find any authority that allows that to be done. In the Taylor or the Supreme Court decision, they specifically state that in making these type of determinations, the court should not look at the actual facts, but rather the charging document, in some cases the certificate of probable cause, the plea, the ---- Well, this is a little bit different, though, because here you're the court's trying to ---- the immigration court is trying to determine whether or not the circumstances surrounding this conviction are particularly serious, or whether this was a particularly serious crime. That's correct. And this statute is very broad, Your Honor. It's ---- mere words can constitute a violation. There's no requirement of violence, of bodily harm. So, you know, I don't see anything wrong with the immigration judge considering the fact that the state court of appeal affirmed the judgment, so you have the conviction and the affirmance. The problem is with, as Judge Thompson has pointed out, is with, in this sort of a legal fiction, where the court of appeal has to assume, taking the evidence of like most favorable to the state, but the, you know, then reciting the evidence, it's all kind of illegal. Right. The fact of the conviction, obviously the court would have to do that, because until the case had been affirmed on direct appeal, there is no conviction for purposes of under the Immigration Act. But, as Judge Nelson was saying, there is, in this record, there is no ---- the superior court's sentencing proceedings are not in the record. So we don't know what findings the sentencing court may have made at the time of sentencing. Is that right? That's correct. And typically, the court in this kind of a sentence wouldn't be making any kind of findings other than imposing a sentence, which in this case, as I recall, was either no time or very ---- just a few days in jail. It was a very minimal sentence that was imposed on Ms. Morales. As we have indicated in our brief, we're talking about most serious offense within the asylum context and what's called the most serious crime within the withholding removal context. And they do seem to have slightly different considerations under the withholding aspect. The statute states that an aggravated felony for which five years or more are imposed would be considered to be a most serious crime. Obviously, that's not the case here. But at the same time, it doesn't preclude a finding of a most serious crime for a conviction of a less ---- where a lesser sentence is imposed. Unfortunately, Congress did not define either what is a particularly serious offense or a particularly serious crime other than what I've indicated. There is some other authority cited by the government, which is correct, which says for asylum purposes that a conviction for an aggravated felony shall be a most serious offense. And that's why we go back to the Parrilla case where they considered the same ---- the court considered the same crime. And there they found that under the categorical approach, it was not an aggravated felony. But therein, under the modified categorical approach, they found that it was an aggravated felony. But in that case, Mr. Parrilla pled guilty and stated that the court could consider the certificate of probable cause, neither of which we have in this case. There is no certificate of probable cause. There's no guilty plea. There's no transcript of a plea hearing. All you have is the bare conviction for this misdemeanor offense. And we think that under all of the applicable precedent of what is ---- what can properly be considered as a part of the record of conviction, that such an analysis would lead to the conclusion that this was not a ---- either a particularly serious offense for asylum purposes or a particularly serious crime for withholding purposes. Okay. Do you want to save the balance of your time for rebuttal? Good morning. May it please the Court. My name is Arthur Rabin. I'm here on behalf of the government. Because the Attorney General has been granted the discretion whether or not a certain crime, determination a certain crime constitutes a particularly serious offense, we believe, it is the government's contention, that the Court does not even reach the issue of what the ---- what the I.J. looked at. That is, because that determination is purely discretionary, the Court lacks jurisdiction to reach the ---- it's a threshold issue. Right. So what our contention is that ---- You're not suggesting that we don't have jurisdiction to review legal issues for you? No, no, no. Post-Reo I.D. Act, the Court ---- but we are ---- our contention is that this is not a legal issue. This is whether or not substantial evidence supported the I.J.'s conclusion. Okay. So it's actually a factual issue. Isn't this a case of first impression for this Court? Yes, Your Honor, under the Reo I.D. Act. We have no other case in the circuit.  All right. Not post-Reo I.D. Act. There is the case of Matsuk, but ---- which is cited in our brief, but that was a long time before the Reo I.D. Act. However, assuming that the Court does have jurisdiction, it is the government's contention that the Court is entitled, the immigration court and the I.J. is entitled to look at the record of judgment in determining what is a particular serious crime. In determining what? I'm sorry. In determining what is a particularly serious crime. Yes. You look at the judgment of conviction. The judgment of the conviction. You can look at other things as well. Yes, Your Honor. Things such as plea agreements, facts consented to or assented to by the defendant in the case. The question, I guess, is what were the facts of this case? What happened? Well ---- That's what the I.J. is trying to determine. That's correct, Your Honor. And the question is whether he can look at stuff that is assumed for the purposes of argument that the applicant, I guess, or the alien, more of a better word. I'm sorry. I'm not using the right word. Has not admitted and has never been proved or has never been found. It's located in some documents. But the jury never found it. That's certainly true, Your Honor, because here there were three crimes involved and the jury only found a conviction on one. However, when it went up on appeal, which is also part of the record of judgment, the appellate court looked at the facts of this case and indicated that under their standard of review, a defendant admits those facts as true. Well, when you're arguing sufficiency of the evidence. When making that challenge. But really, you only, in arguing, she was arguing sufficiency of the evidence only as to the solicitation count. So whatever went into that, I guess, is assumed to be true. And she's saying, well, go ahead and assume it. That's all right. Even if you assume all of that is so, it's still not sufficient evidence to convict me. That was her argument in the State court, I presume. Yes, sir. That doesn't mean she said, I did all that stuff. In fact, she denied doing it when she was on trial. Well, yes. But in order to consider a record of judgment, this Court looks at what is the judgment in this case for immigration purposes. Yes. And it is our contention that the appellate decision, it constitutes part of the judgment of the case. It is the law of the case. Yes. And so when the appellate court reviewed what are the facts for purposes of this case, that this particular defendant had to assent or consent to those facts. And so it becomes part of the record that this Court can review and part of what an immigration judge can rely on in making his discretionary determination. I mean, are you saying that she, that when raising this argument, she assented that this was the evidence that was presented? Or is she assenting to the fact that this is what happened? When she made her challenge to her conviction, which is what the immigration judge based his decision on, to the appellate court, the Washington State appellate court, the standard review of that court indicates that when making that challenge, a defendant has to basically assent as true all those facts. And for purposes of whether or not it constitutes a legally sufficient conviction. So because this Court has, in the Perea case, said that as long as the facts that the IG looks at were consented to or assented to by the legal, illegal alien, we can look at those facts. And so it is our contention. In some respects, it's all just illegal fiction. Well, you're right. She never admits. You know, as Judge Thompson said, she denied. In fact, she was found not guilty of her trial. But by bringing forth the facts. And then what you're saying is basically she doesn't have a right to appeal. If she appeals, boy, she's really going to be in big trouble. No, no, she could appeal, but when she makes that particular claim. But she's taking an extremely big risk, according to the government. So what you're saying, though, is that because she appealed, because she exercised her right of appeal, then it was proper for the immigration judge to take all these facts as true. No, Your Honor, that's not what I'm saying. That's what you're saying. No, Your Honor. Then I don't understand your argument. Then I don't understand your argument. Okay. Well, then, it is not that she has no right to appeal. It is that by bringing forth this particular claim on appeal, this figure, she could have brought a due process claim. She could have brought a due process claim. So she couldn't, if she wanted to really protect her, she had the foresight and had a lawyer that could sort of envision all of this. She should not have raised the sufficiency of the evidence claim on appeal. Knowing that under Washington State. And if that was the only legitimate claim that she thought she might have to challenge that conviction, she shouldn't have appealed is what you're saying. Well, if she should have known that, it would expose her to immigration consequences. So she needed a lawyer that had the foresight and the wisdom to predict that. Well, presumably she's on notice of the law. What layperson would understand all this? No, I'm not saying she's to blame, but there is a presumption that a person is on notice of the law. I understand the Court's concern, Your Honor, it's just that when we are talking about what this Court has set out in prior precedent decisions as to what an IJA can turn to in making a determination as to what is the case. I don't have any problem with the notion that this judgment of the court of appeal is part of the record of conviction. It's just to what extent can you rely upon the factual recitation to establish that element that Judge Thompson said. The other part of this, which is the facts and circumstances show that this is a particularly serious crime. That's all. I mean, you know. See, in other words, the lawyer for the government at the immigration hearing didn't bring in any, you know, for example, could have brought in one of the victims of this and had them tell the whole story in front of the immigration judge. Look at this story. Look what happened here. You know, I've heard it. I've seen the witness, and, you know, I find X, Y, and Z. That didn't happen. That's all. I just think that we should go back and review what is the purpose of this Court's prior precedent decisions in saying that we will only look at certain documents. Why do we only look at the distributor probable cause? Why doesn't the Court look at witness testimony in front of the IJA or things like  It is because the Court does not want to do fact-finding. This Court wants to be able to just look at what are the judicial facts of the case. And it is our contention that the judicial facts of the case include the appellate fact-finding that the Court in this case used, the appellate court in Washington of the Washington State, to determine the validity of the conviction. But the appellate court didn't make findings of that. It just recited the facts. They did make the facts. They did recite the facts. Did they refer to the sentencing transcript? I mean, as I read the appellate opinion, they were just saying, just a recitation, didn't say we find that based on the sentencing transcript or we find that. Isn't that correct? No, it did not make explicit findings of fact other than to say, here are the facts of the case, and under our standard review, those facts are admitted as true by the defendant. On page, and I'll direct the Court to, I think it's the second page of the decision, the Washington State court specifically, after setting out the facts of the case, the Court then turns to his contention, which is the Washington State. What case are you talking about? It's the 197, page 197 of the record, administrative record in this case. You're talking about the court of appeal opinion? Yes, Your Honor. And after setting forth the facts of this case, the Court, on the second page at the very top, turned to what his challenge was. And the challenge was the sufficiency of the evidence. And then the Court said, well, if it's that claim that our standard review is, a defendant who asserts insufficiency of the evidence admits the truth of the State's evidence and recognizes all the reasonable inferences therefrom. So we would argue that, although he did not make explicit factual findings, those were the findings that the Court relied on in order to sustain the judgment in this case. I'm out of time. Our subjects are the Court's questions. That concludes my argument. Okay. Thank you. I appreciate your arguments. Okay. Then the matter will be deemed submitted. We appreciate the arguments. Thank you very much.
judges: D.W. Nelson, Thompson, Paez